UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. S2-4:20CR00594 AGF (NCC) |
| | ) |
| DEXTER MCKINNIES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant's pretrial motions.  Defendant Dexter McKinnies was indicted in a superseding indictment on February 3, 2021 with five counts, arising out of events on September 1, 2020: two counts of Assault on Federal Officers, in violation of Title 18, United States Code, Section 111(a)(l) (Counts Two and Four); two counts of discharging a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A) (Counts Three and Five), related to Counts Two and Four; and one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six).  (Doc. No. 36).  Co-Defendant Lawton McKinnies was charged in Count One with being a felon in possession of a firearm.  All pretrial motions were referred to United States Magistrate Noelle C. Collins under 28 U.S.C. § 636(b).

Defendant Dexter McKinnies filed a Motion to Dismiss Count Six (Doc. No. 126), asserting that 18 U.S.C. § 922 is unconstitutional; a Motion to Dismiss Count Three and Five (Doc. No. 127), asserting that the predicate offense of 18 U.S.C. § 111 does not

1

constitute a crime of violence; a Motion to Dismiss Count Three or Five, on grounds of multiplicity (Doc. No. 128); and a Motion to Suppress (Doc. No. 129).  The Magistrate Judge held an evidentiary hearing on the motion to suppress on August 1, 2023, at which Saint Louis County Police Officer Scott Richard MacKenzie testified and was subject to cross-examination.  The parties did not offer any evidence in support of the motions to dismiss.  The parties thereafter filed post-hearing briefs, and supplemental briefs on the issue of multiplicity.

On February 8, 2024, Judge Collins issued a Report and Recommendation ("R&R"), recommending that Defendant's Motion to Dismiss Count Six, Motion to Dismiss Count Three and Five, and Motion to Suppress all be denied.  She also recommended that Defendant's Motion to Dismiss Counts Three or Five on Grounds of Multiplicity (Doc. No. 128) be denied without prejudice, to be addressed in connection with the trial.  (Doc. No. 177.)

On February 21, 2024, after the issuance of the R&R, a second superseding indictment was issued against McKinnies.  It asserts the same five charges against Defendant but adds to the felon in possession count grand jury findings with respect to McKinnies' three previous convictions for violent felonies or serious drug offenses committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e), and adds a forfeiture allegation.  Because the co-Defendant had pled guilty by this time, the counts were also renumbered as Counts One through Five.  At the arraignment on the second superseding indictment, the parties asserted that no further pretrial proceedings were necessary, such that the motions previously filed and the R&R would relate to the

2

second superseding indictment. McKinnies thereafter filed objections to the R&R, and the government filed a response to the objections. In his objections, Defendant asserted, without more, that he "respectfully disagrees with the Magistrate's understanding and articulation of the relevant facts underlying the motions filed on his behalf and the Court's ultimate legal conclusions in that regard," and he incorporated by reference his previously filed motions and memoranda. (Doc. No. 190).

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Although Defendant made no specific objections to the Magistrate Judge's factual findings or conclusions, the Court nonetheless conducted a *de novo* review of the record, including a review of the transcript of the hearing and the exhibit offered. Based on that review, the Court finds that the Magistrate Judge made proper findings of fact and conclusions of law, and the R&R will be adopted.

### Summary of the Facts

The facts related to the criminal charges are detailed in the R&R. The Court adopts those facts as well supported by the evidence and will only summarize them here. In September of 2020, Officer MacKenzie was a police officer, assigned to the Division of Special Operations in the Special Response Unit (SRU). The SRU's main functions were undercover surveillance and fugitive apprehension. At the time of the operation related to McKinnies, the SRU team was comprised of approximately 16 to 18 patrol

officers, four sergeants and a lieutenant.   Many of the SRU officers were deputized as task force officers with the U.S. Marshals Service, and they worked regularly in partnership to find fugitives and suspects wanted for matters that occurred within the county's eight precincts.

On September 1, 2020, SRU officers made a plan to arrest McKinnies and his brother, Lawton McKinnies, in a covert operation.   In their briefing, the officers were advised that Lawton McKinnies had an arrest warrant for assault first degree and armed criminal action, and that defendant McKinnies was wanted for an assault first degree alleged to have occurred a week or two prior to September 1.   The officers arranged to meet the brothers, pretending they wanted the services of the brothers' lawncare business.   Two undercover officers posed as customers on the front porch of a vacant house, and other officers were stationed nearby in both marked and unmarked vehicles.   Officer Mackenzie was part of the arrest team, dressed in street clothes and with a black vest marked POLICE in white lettering in front and back.   Other undercover officers wore similar vests.   Officer Mackenzie also wore a body camera, and the government submitted a copy of the first four-and-one-half minutes of the video as Exhibit 1.   Special Deputies Keener and Zufall, the two officers identified as victims in the Section 111 assault counts, were riding in an FBI task force Ford F-150 pickup truck.

At approximately 1:00 p.m. the officers were stationed around the vacant house, and the brothers thereafter arrived.   Lawton McKinnies parked on the street and walked toward the two undercover officers posing as customers, while Defendant McKinnies remained on the sidewalk.   The officers then converged on the brothers.   Officer

4

Mackenzie got out of his vehicle and clearly identified himself as police and ordered Lawton onto the ground. Defendant McKinnies was on the west side of the street, positioned to Officer MacKenzie's back. Officer MacKenzie heard three gunshots from behind him and turned and saw Defendant McKinnies running with his arm extended, holding a firearm and firing rounds at the police officers. Officers returned fire. Officer MacKenzie did not see McKinnies drop the firearm. McKinnies was hit multiple times but continued to run for a bit before he fell to the ground. Officer MacKenzie announced that they should stop shooting. While officers administered first aid to McKinnies, Officer Keener asked, "Where's the gun?" and McKinnies said something like "right there," pointing to an area approximately 20 feet from McKinnies where officers found a gun. Officers later found two rounds in the vacant house, and two rounds in the front grille of the Ford F-150 pickup truck that Special Deputies Keener and Zufall had occupied.

## Legal Analysis

### Felon in Possession Charge

Defendant moved to dismiss Count Six (now Count Five) which charges him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). While acknowledging that his argument has been rejected by recent Eighth Circuit decisions, Defendant asserts that § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him under *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022). For the reasons discussed more fully in the R&R, the Court agrees that Defendant's arguments are foreclosed by recent Eighth Circuit caselaw. *See United States v.*

5

*Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (rejecting facial challenge at least with regard to gun possession by individuals with serious, violent felony convictions); *United States v. Jackson*, 69 F.4th 495, 502-06 (8th Cir. 2023) (finding statute is not unconstitutional as applied to a defendant with nonviolent felony convictions).

The analysis in the *Cunningham* and *Jackson* cases also undermines Defendant's further argument that after *Bruen*, the distinction between as-applied and facial challenges no longer exists for Second Amendment purposes. Indeed, even more recent cases from the Eighth Circuit continue to address both facial and as-applied challenges and have continued to reject both challenges to § 922(g). *See United States v. Lindsey*, No. 23-2871, 2024 WL 2207445 (8th Cir. May 16, 2024) (per curiam) (affirming denial of both facial and as-applied constitutional challenges to § 922(g)(1)); *see generally*, *United States v. Veasley*, 98 F.4th 906 (8th Cir. April 17, 2024) (recognizing distinction between facial and as-applied constitutional challenges and affirming denial of facial challenge to 18 U.S.C. § 922(g)(3)).

Although the Court is aware that some Circuit and district courts have found provisions of § 922(g) to be unconstitutional, at least as applied,[1] the Court agrees with and is bound to follow Eighth Circuit precedent. For these reasons, and the further reasons set forth in the R&R, Defendant's motion to dismiss the felon-in-possession charge will be denied.

---

[1] For example, the Ninth Circuit recently found section 922(g)(1) was unconstitutional as applied to a defendant with priors such as possession of a controlled substance and evading a police officer. *United States v. Duarte*, No. 22-50048, 2024 WL 2068016, at *1, 9-24 (9th Cir. May 9, 2024). Here, however, as noted in the R&R and reflected in the record, Defendant McKinnies appears to have several violent felony convictions.

### **Discharging a Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c))**

The Court further rejects Defendant's motion to dismiss Counts Three and Five (now Counts Two and Four) based on his assertion that the predicate crime of assaulting a federal officer with a deadly and dangerous weapon, in violation of 18 U.S.C. § 111, is not a crime of violence. Again, Defendant's argument is foreclosed by Eighth Circuit caselaw that this Court is bound to follow. As the Magistrate Judge explained, in *United States v. Medearis*, 65 F.4th 981, 986-87 (8th Cir. 2023), *cert. denied*, 144 S.Ct. 363 (2023), the Eighth Circuit rejected a nearly identical challenge, finding that a conviction for assault under § 111(b) "constitutes a categorical crime of violence," that includes intent as a required element. For these reasons, and the further reasons set forth in the R&R, Defendant's motion to dismiss the charges arising under 18 U.S.C. § 924(c) will be denied.

### **Whether Counts are Multiplicitous**

Defendant argues that the two alleged assaults in Counts Two and Four (now Counts One and Three) were a single, uninterrupted event lasting five to ten seconds, such that one or the other of the § 924(c) charges based on these assaults should be dismissed as multiplicitous. The government asserts that Defendant's actions are divisible and may be charged as four distinct offenses.

The parties initially suggested that *United States v. Sandstrom*, 594 F.3d 634, 651 (8th Cir. 2010) controlled and foreclosed Defendant's contention. After further consideration and argument, the government acknowledged the matter was not ripe for

7

determination at this time, as it will require the presentation of additional evidence.  The Magistrate Judge agreed.  For the reasons set forth more fully in the R&R, the Court agrees that the question of multiplicity cannot be determined on the present record, and should be considered at the time of trial, based on the admissible evidence.  As such, the motion will be denied without prejudice, subject to Defendant reasserting the motion at the appropriate time in connection with the trial.

### Motion to Suppress

Finally, Defendant seeks to suppress the statement he made to police.  Defendant argues that the police conducted an unlawful, warrantless seizure when they shot him multiple times, surrounded him, and yelled at him with weapons drawn, and that a constitutional violation occurred when an officer stepped on his wrist to prevent further movement while they searched for the firearm.  He contends that the statement he made in response to a police question regarding the firearm should be suppressed as the result of the unlawful seizure.  The Court rejects these arguments.  Upon firing his gun, the officers had probable cause to arrest Defendant without a warrant.  Further, under these circumstances, it was reasonable for the officers to return fire and to thereafter further restrain Defendant.  *See, e.g., Mettler v. Whitledge*, 165 F.3d 1197, 1203 (8th Cir. 1999).  While Defendant had undoubtedly been seized at the time he made his statement, the limited question to determine the location of the firearm was proper under the public safety exception to the *Miranda* rule.  *See New York v. Quarles*, 467 U.S. 649, 657 (1984).  For these reasons and the further reasons set forth in the R&R, Defendant's motion to suppress will be denied.

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Collins set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 177] is **SUSTAINED, ADOPTED, AND INCORPORATED** to the extent stated herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Six (now Count Five) [Doc. No. 126] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Three and Five of the Superseding Indictment (now Counts Two and Four) [Doc. No. 127] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count Three or Five of the Superseding Indictment on Grounds of Multiplicity (Now Counts Two and Four) [Doc. No. 128] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress [Doc. No. 129] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter remains scheduled for Jury Trial on **August 5, 2024, at 9:00 a.m.**

                                                           *Audrey G. Fleissig*
                                                      AUDREY G. FLEISSIG
                                                      UNITED STATES DISTRICT JUDGE

Dated this 28th day of May, 2024.